lml

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>DAVID C. WITTIG and )<br>DOUGLAS T. LAKE, )<br>)<br>Defendants. )<br>──────────────────────── )<br>)<br>WESTAR ENERGY, INC., )<br>)<br>Petitioner. ) | Case No. 03-40142-01-02-JAR |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Douglas T. Lake's Objection to the Amended Petition of Westar Energy, Inc. ("Westar") in the Ancillary Proceeding Relating to Forfeited Assets (Doc. 622). Defendant David C. Wittig has joined in this objection (Doc. 624) and Westar has responded (Doc. 632). A hearing was held on March 8, 2006. After hearing extensive argument from both defense counsel and counsel for Westar, the government indicated that it had nothing to add and adopted Westar's position. The Court then took the matter under advisement. The government subsequently filed a written response (Doc. 633); defendant Lake moved to strike (Doc. 639), and Westar responded (Doc. 644). The Court has considered the arguments presented at the hearing as well as in the parties' briefs and is now prepared to rule. For the reasons explained in detail below, the Court sustains defendants' objections.

*Background*

A review of the history of these proceedings relative to legal fees is necessary to put the instant matter into context. Greatly simplified, there are two categories of legal fees at issue in this case: (1) legal fees incurred as a part of the civil arbitration proceedings arising under the defendants' respective employment agreements (the "arbitration fees"), and (2) legal fees incurred as part of the criminal proceedings arising under Westar's Bylaws and Articles of Incorporation (the "criminal fees"). In the original Indictment Count 40 (Doc. 1), the government sought the forfeiture of all fees, arbitration and criminal, arising under the employment agreements and corporate bylaws, but did not seek forfeiture of any arbitration award.

In November 2003, the arbitrators issued an Interim Order requiring Westar to advance arbitration fees and other benefits. After the government became aware of the Interim Order, it obtained a Restraining Order (Doc. 50) prohibiting Westar from making payments of any kind, with the result that Westar halted the advancement of all fees, both arbitration and criminal. Needless to say, defendants took exception to this position, resulting in one of the most extensively litigated issues of these criminal proceedings. In the numerous briefs filed in connection with defendants' efforts to modify the Restraining Order to exclude advancement of criminal fees, the distinction between arbitration fees and criminal fees figured predominantly. Indeed, defendant Lake's counsel went so far as to admit that, unlike the criminal fees, the arbitration fees were arguably subject to forfeiture because they stemmed from defendants' employment agreements and were the subject of the arbitrators' Interim Order.

Although it declined to lift the restraint on the advancement of criminal fees, the Court

2

subsequently modified its Restraining Order to clarify that it was not its intent that the order bar Westar's advancement of legal fees to the defendants, and directed that any fees advanced be placed in escrow accounts established by each defendant for the purpose of preserving them for forfeiture (Doc. 110). After a *Jones* hearing,[1] where defendant Lake demonstrated his inability to continue paying his criminal fees, the Court again modified its order to permit payment of those fees (Doc. 154); the arbitration fees remained in the escrow accounts. Westar then proceeded to advance criminal fees to defendants and defense counsel.[2]

In the interim, the government obtained a First Superseding Indictment that expanded forfeiture Count 40 to clarify that it sought forfeiture of all benefits of employment including arbitration fees as well as any escrow accounts (Doc. 126, ¶ 30(D)). The government also added new language in ¶ 30(E) seeking forfeiture of "any arbitration award" granted to defendants.

After the first trial ended without a verdict, the Court reinstated its Restraining Order regarding advancement of criminal fees, and again directing such fees be placed in an escrow account to preserve assets for potential forfeiture (Doc. 452). Upon representation of counsel, it does not appear that Westar advanced any criminal fees after this order was reinstated.

On September 15, 2005, the jury filled out Special Verdict Forms and returned mixed verdicts of forfeiture against defendants Wittig and Lake (Docs. 534, 535). Significantly, these Special Verdict Forms were negotiated by the government and defense counsel, and the parties stipulated as to the language used in the forms for both defendants. Paragraph 15 of Lake's Special Verdict Form sought forfeiture of "[a]ll legal fees paid by Westar under the terms of the

---

[1] *United States v. Jones*, 160 F.3d 641 (10th Cir. 1998).

[2] The record does not indicate whether these fees were released from escrow or paid directly to the law firms by Westar.

Articles of Incorporation or Bylaws of the Company." The same language is found at ¶ 19 of defendant Wittig's Special Verdict Form. At the forfeiture phase of the trial, the government presented specific evidence of the amount of fees billed to Westar for the criminal case.[3] The jury declined to forfeit the criminal fees.

Paragraph 14 of Lake's Special Verdict Form contained the following prefatory language:

> All unpaid compensation, contract rights and benefits whatsoever granted under the terms of defendant Lake's employment and employment agreements, **including but not limited to payment of legal fees and expenses, as well as any escrow accounts containing the proceeds of the foregoing**. (emphasis added)

The same language is found at ¶ 18 of Wittig's Special Verdict Form, and mirrors Count 40, ¶ 30(D) of the First Superseding Indictment.

The jury was not asked to vote "yes" or "no" on this general description, but rather, on specific items of compensation that followed in subparagraphs (A) through (I). The subparagraphs included Westar and Guardian stock units and dividends, unpaid benefits claimed by defendants as a result of a qualified termination, and Restricted Share Units of Westar and Guardian. The subparagraphs did not, however, include a break-out for arbitration fees, despite their specific referral in the general description, nor did the government present any evidence about the amount of those fees, the escrow account, the Interim Order or any argument as to why they should be forfeited. The jury's verdict on subparagraphs (A) through (I) was mixed.

Paragraph 16 of defendant Lake's Special Verdict Form sought forfeiture of "[a]ny arbitration award granted to Wittig and Lake, jointly or individually, arising out of their

---

[3](Exs. 613, 614; Sept. 13, 2005 Tr., at 32:11-41:24).

employment at Westar and any subsidiary or affiliate company." The same language is found at ¶ 20 of defendant Wittig's Special Verdict Form and mirrors Count 40, ¶ 30(E) of the First Superseding Indictment. At the forfeiture proceedings, the government presented arbitration counterclaims of defendants Wittig and Lake.[4] The jury voted to forfeit "any arbitration award."

On September 28, 2005, the government and defendant Lake filed a joint motion for preliminary order of forfeiture that expressly lifted all previous restraining orders once Lake had put aside the only asset in his possession or control that the jury forfeited, the Guardian dividends in the amount of $148,820 (Doc. 520). This included the June 30, 2004 Order that directed the creation of the escrow account for attorney fees.

Defendant Wittig and the government were unable to agree on a preliminary order of forfeiture pending a ruling on defendant's motion to set aside the special verdicts of forfeiture (Doc. 540), which the Court granted in part and denied in part (Doc. 575). With respect to the forfeiture of "any arbitration award," the Court found that the evidence presented by the government was sufficient to permit a reasonable jury to conclude that the government had proven, by a preponderance of the evidence, that this property is subject to forfeiture. In response to defendant Wittig's objection to forfeiture of an award for claims that had yet to be determined, the Court noted that "[t]he fact that these claims are unliquidated or inchoate is irrelevant."[5] Defendant Wittig's Preliminary Order of Forfeiture (Doc. 577) expressly stated that payments for attorneys' fees shall no longer by subject to the Court's orders of restraint.

On October 27, 2005, Westar filed a Petition asserting its claim to defendant Lake's

---

[4](Exs. 254-CT40, 255-CT40).

[5](Doc. 575 at 15-16).

forfeited assets (Doc. 545). Paragraph 82 of the Petition, which discusses the arbitration award, states that "[t]he panel of arbitrators has not issued any award to Wittig and Lake in the Arbitration."

On February 2, 2006, Westar filed a Petition asserting its claim in defendant Wittig's forfeited property (Doc. 601). With respect to the arbitration award, ¶ 107 states:

> The panel of arbitrators has not issued a final award to Wittig and Lake in the Arbitration, **although it did enter an interim order awarding attorneys fees to Wittig and Lake under their September 2002 employment agreements, as Wittig and Lake requested in their arbitration counterclaims, for which Westar paid $857,496.06 to Wittig's attorneys on behalf of Wittig and paid $1,412,827.72 to Lake's attorneys on behalf of Lake.**
> (emphasis added)

On February 24, 2006, Westar filed an Amended Petition in defendant Lake's proceedings to include the above language regarding arbitration fees in ¶ 82 (Doc. 616). As noted by Westar, both defendants' respective claims for an arbitration award arise out of their employment agreements executed in September 2002. Defendants object to Westar's respective Petitions to the limited extent that Westar asserts that the arbitration fees advanced as part of the civil arbitration were forfeited.

At the March 8, 2006 hearing, counsel for defendant Lake represented that approximately $1.2 million of arbitration fees were held in an escrow account; in December 2005, $1 million was released from escrow and paid to his law firm, Hughes, Hubbard & Reed LLP, and the remainder was released to Suzanne Lake, defendant's wife in whose name the escrow account was opened. Counsel also represented that these arbitration fees had been disbursed to the law firm as partnership income. Approximately $857,000 of arbitration fees held in escrow were released to defendant Wittig's counsel, DLA Piper Rudnick Gray Cary LLP; details of what

6

happened to these funds were not discussed at the hearing.

*Discussion*

The limited issue before the Court is whether the arbitration fees advanced by Westar were forfeited by the jury. While the parties agree that the detailed Special Verdict Form is clear on its face, they disagree as to its effect. Defendants argue that the jury was not asked to, and did not forfeit, the arbitration fees advanced by Westar. Westar responds that the arbitrators' Interim Order is tantamount to "any arbitration award," which was forfeited by the jury, a position taken by the government as well.

Because the Special Verdict Forms, as negotiated by defendants and the government, are unambiguous, analysis of this issue is akin to a motion for judgment of acquittal brought pursuant to Fed. R. Crim. P. 29(c). As stated in its order on defendant's motion to set aside the special verdicts of forfeiture, the Court views the evidence in the light most favorable to the government.[6] In the context of forfeiture proceedings, the Court must inquire as to whether the evidence is sufficient to permit a reasonable jury to conclude that the government has proven, by a preponderance of the evidence, that certain property is subject to forfeiture.

Paragraph 14 and 18 of defendants' respective Special Verdict Forms sought forfeiture of all unpaid contract rights and benefits granted under the defendants' employment agreements, including but not limited to payment of legal fees and expenses, as well as any escrow accounts containing the proceeds thereof. Because they stemmed from the defendants' employment agreements, the arbitration fees and any escrow accounts containing such fees expressly came

---

[6]*United States v. Hughes*, 191 F.3d 1317, 1321 (10th Cir. 1999) (citation omitted).

under the preamble of ¶¶ 14 and 18.[7] Although the government specified a number of contract rights below the general prefatory paragraph, it did not do so for the arbitration fees. While Westar attempts to offer several scenarios speculating on the reason for this omission, the government, who negotiated and agreed to the Special Verdict Forms, has not offered an explanation. At the time the jury was asked to render a special verdict, a specific amount of arbitration fees advanced by Westar pursuant to the Interim Order was sitting in various escrow accounts. For whatever reason, the government did not break out these arbitration fees, nor did it present any evidence about the amount of those fees, the escrow accounts or the Interim Order of the arbitrators that directed Westar to advance them. Accordingly, the Court finds that a reasonable jury could not conclude that the government has proven, by a preponderance of the evidence, that the arbitration fees are subject to forfeiture under ¶¶ 14 and 18 of the Special Verdict Forms.

Nor is the Court persuaded that the arbitration fees advanced pursuant to the Interim Order were forfeited as "any arbitration award" under ¶¶ 16 and 20 of the respective Special Verdict Forms. During the forfeiture phase of the trial, the government introduced into evidence the defendants' respective counterclaims in the arbitration.[8] Both counterclaims reference a general claim for attorneys' fees incurred in the arbitration, although neither presents a specific amount. The evidence presented to the jury with respect to any arbitration award was that these

---

[7]By contrast, the criminal fees stemming from the Articles of Incorporation and Bylaws were treated in a separate paragraph of the Special Verdict Forms.

[8]The government asserts in its brief that defendants' respective 2002 employment agreements, which provide the basis of their claims to the arbitration fees, were introduced during the guilt phase of the trial. Review of the record, however, indicates that while these 2002 agreements were marked as exhibits, they were never offered or admitted as evidence. *See* Gov't Exhibit List, Doc. 525 (Lake's 2002 agreement marked as Gov. Ex. 377); Wittig Exhibit List, Doc. 526 (Wittig's 2002 agreement marked as Wittig Ex. 3335).

8

claims were unliquidated and inchoate; should the arbitrators ultimately award defendants' claims at the conclusion of the arbitration proceedings, those claims would be forfeited as "any arbitration award." The government explained to the jury that "we're going to ask you to forfeit any arbitration award that might be granted, Wittig or Lake . . . Now at this point in time it has not reached any resolution . . . ."[9] When counsel for defendant Wittig objected to the forfeiture of such undetermined future claims, the Court overruled, and responded, "[w]hat the government is seeking a verdict on is the claims in the arbitration, and, of course, to the extent there's never an award, there won't be anything generated from those claims."[10]

By contrast, the arbitration fees advanced pursuant to the Interim Order and held in escrow were fixed and readily determinable. Moreover, these fees were advanced on an interim basis, not as part of any award at the end of the arbitration proceedings.[11] Based on this, the Court finds that a reasonable jury could not conclude that the government has proven, by a preponderance of the evidence, that the arbitration fees are forfeitable as "any arbitration award."

In sum, the Court finds that the jury was not presented with any evidence regarding the arbitration fees or escrow accounts, nor called upon to render a verdict on the forfeitability of these fees. The Court notes that by all appearances, the defendants and government believed that these fees had not been forfeited, as evidenced by their post-verdict agreement to release all restraint on attorneys' fees and the escrow accounts in which the fees were being held. Accordingly, the Court concludes that the arbitration fees were not forfeited and sustains

---

[9](Sept. 13, 2005 Tr., at 19:15-20.)

[10](*Id*. at 237:17-20.)

[11]The Interim Order stated that the arbitration fees were subject to repayment by defendants.

defendants' objections to Westar's Petitions asserting a claim to these fees.  Defendant's motion to strike (Doc. 639) is denied as moot.  The Final Order of Forfeiture for each defendant will reflect the findings set forth herein.

**IT IS SO ORDERED.**

Dated this  29th  day of March 2006.

                                            S/ Julie A. Robinson
                                            Julie A. Robinson
                                            United States District Judge