IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 03-40142-01/02-JAR |
| | ) | |
| DAVID C. WITTIG, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**<u>ORDER</u>**

This criminal case comes before the undersigned U.S. Magistrate Judge, James P. O'Hara, on the motion of defendant Douglas T. Lake to compel production of documents by Westar Energy, Inc. ("Westar") **(doc. 962)**. Given what was then the fast-approaching third trial in this case,[1] the undersigned expedited the briefing on the instant motion (*see* doc. 966). Westar filed a response (doc. 975), and Mr. Lake filed a reply (doc. 978).

On June 24, 2008, Judge Robinson granted in part and denied in part Mr. Lake's motion requesting the court permit issuance of a subpoena duces tecum to the custodian of records of Westar for pretrial production of several categories of documents (doc. 932). Mr.

---

[1]Trial was set to begin on September 9, 2008. Mr. Lake and his co-defendant, David C. Wittig, filed a joint notice of interlocutory appeal on August 7, 2008 (doc. 959) and a joint motion to stay trial pending appeal (doc. 960). The presiding U.S. District Judge, Hon. Julie A. Robinson, took the motion to stay under advisement after an August 18, 2008 motions hearing and advised the parties that due to the Tenth Circuit's proposed schedule in this matter, the trial will probably be delayed for approximately 30 days. Doc. 979-2. The Tenth Circuit held an oral argument on November 18, 2008 but has not yet ruled defendants' interlocutory appeal.

Lake's motion was granted with respect to his request for all billing records from Cahill Gordon & Reindel, LLP to Westar from January 1, 1998 to June 30, 2003 (the "billing records"). Mr. Lake served a subpoena on Westar on June 26, 2008 for the production of the billing records, among other documents. Westar subsequently produced a privilege log and redacted versions of the billing records claiming the redacted portions were protected by the attorney-client privilege and under the work product doctrine (*see* doc. 962, exs. 1 & 2).

At issue before the court is whether the redacted portions of the billing records are privileged.[2] Westar's privilege log contains numerous entries for "[i]nvoice from the law firm of Cahill, Gordon & Reindel." The entries seem to only vary by Bates number and date. Each entry lists the author(s) as "[a]ttorneys and staff of the law firm Cahill, Gordon & Reindell [sic]," the description as "[r]edacted specific descriptions of work performed by attorneys and staff which including [sic] the subject matter of attorney client communications and work performed by attorneys and staff in order to render legal services or as part of or in anticipation of potential litigation," and the privilege asserted as "attorney-client; work-product." None of the billing statement entries list a recipient(s).

---

[2]In the instant motion, Mr. Lake states that Westar produced some redacted board of director and human resources committee minutes in response to the subpoena. Mr. Lake appears to only note the redacted minutes to illustrate another alleged waiver of privilege by Westar. Because Mr. Lake states he is not seeking production of the unredacted signed minutes, the court will not address whether Westar properly redacted the minutes. *See* doc. 962, at 14.

Although Mr. Lake generally requests the court compel Westar to produce all documents responsive to the subpoena, he does not mention how Westar's production of the other categories of documents is insufficient. The court therefore only addresses the billing records.

Westar, as the party seeking to invoke the attorney-client privilege, bears the burden to establish the billing records are protected by the attorney-client privilege.[3] The elements of the attorney-client privilege are: (1) where legal advice of any kind is sought (2) from a professional legal advisor in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at this instance permanently protected (7) from disclosure by himself or by the legal advisor, (8) except if the protection is waived.[4] "The party claiming the privilege must supply the court with sufficient information to enable the court to determine that each element of the privileged is satisfied."[5] The party claiming the attorney-client privilege must meet its burden as to specific documents, rather than making a blanket claim that the privilege applies.[6]

Westar argues that Mr. Lake did not challenge the adequacy of the information in its privilege log but merely argued all legal billing records, including those at issue, are not privileged. Westar then simply states some courts have held portions of lawyers' billing statements that reveal the nature of the services provided are privileged. Although Westar cites several cases finding billing statements were privileged, it fails to analyze why the billing records at issue are privileged.

---

[3] *See, e.g.*, *In re Foster*, 188 F.3d 1259, 1264 (10th Cir. 1999); *Johnson v. Gmeinder*, 191 F.R.D. 638, 642 (D. Kan. 2000).

[4] *In re Grand Jury Subpoena to Kan. City Bd. of Pub. Utils.*, 246 F.R.D. 673, 678 (D. Kan. 2007)

[5] *Jones v. Boeing Co.*, 163 F.R.D. 15, 17 (D. Kan. 1995).

[6] *In re Foster*, 188 F.3d at 1264.

The court finds the Supreme Court of Kansas's opinion in *Cypress Media, Inc. v. City of Overland Park*[7] persuasive. Indeed, no conflict exists between Kansas and federal law regarding the attorney-client privilege.[8] The court in *Cypress Media* held that "all narrative statements in attorney fee statements are not per se privileged . . . . Rather, parties claiming the privilege will have to show its applicability to particular narrative statement in billing records."[9] As another judge in this district held, Westar cannot satisfy its burden by mere assertions that courts have recognized similar documents to those at issue here have the potential to contain privileged information.[10] Rather, Westar must demonstrate, with evidence short of revealing any privileged information, that the billing records at issue contain privileged information.[11]

Ignoring *Cypress Media*'s holding that legal bills are not per se privileged, Westar relies on the court's statement that particular narrative statements in billing records may be privileged. Westar fails to even to attempt to meet its burden to show why the narrative statements in the billing records at issue are privileged. Westar's blanket claim that billing records are privileged is insufficient to meet its burden.

---

[7] 997 P.2d 681 (Kan. 2000).

[8] *See Marten v. Yellow Freight Sys., Inc.*, No. 96-2013, 1998 WL 13244, at *4 (D. Kan. Jan. 6, 1998).

[9] *Cypress Media, Inc.*, 997 P.2d at 693.

[10] *See ERA Franchise Sys., Inc. v. N. Ins. Co. of N.Y.*, 183 F.R.D. 276, 280 (D. Kan. 1998).

[11] *See id.*

Further, the court finds Westar's privilege log's descriptions of the narrative statements fails to provide the court specific enough information to find the privilege exists. The privilege log merely states the statements include the subject matter of attorney-client communications and work performed by attorneys and staff. The court finds these descriptions do not provide specific enough details to enable the court to determine that the billing records are protected by the attorney-client privilege.

Regardless that Mr. Lake may have not specifically challenged the sufficiency of Westar's privilege log, the court finds Westar has failed to meet its burden to show the billing records are privileged. Therefore, although Mr. Lake and Westar spent most of their briefs addressing the issue, the court need not decide whether Westar had previously waived its privilege.

In its privilege log, Westar also claimed the billing records were protected under the work product doctrine. Mr. Lake briefly argued the work product doctrine did not apply to the billing records. Westar, however, failed to even argue the work product doctrine applied. When ruling a motion to compel, the court only considers objections that have been timely asserted and relied upon in response to the motion to compel.[12] "Objections initially raised but not relied upon in response to the motion to compel will be deemed abandoned."[13] The court therefore deems Westar's claim in its privilege log that the billing records are protected

---

[12] *Cardenas v. Dorel Juvenile Group, Inc.*, 232 F.R.D. 377, 380 n.15 (D. Kan. 2005).

[13] *Id.*

under the work product doctrine abandoned.[14]

As explained above, the court finds Westar has failed to meet its burden to show the billing records are privileged. The court grants Mr. Lake's motion to compel production of documents by Westar **(doc. 962)**. Westar shall produce the unredacted billing records by **December 29, 2008**.

The court has merely found Westar failed to meet its burden to establish the attorney-client privilege. The court therefore rejects Westar's statement that "[i]f the Court determines the [billing records] were never privileged, Westar will be able to produce them . . . with the comfort that no waiver will result from that production."[15] At this time, the court declines to decide whether Westar's production of the unredacted billing records will result in a waiver of the privilege.

IT IS SO ORDERED.

Dated this 15th day of December, 2008, at Kansas City, Kansas.

                s/ James P. O'Hara
                James P. O'Hara
                U.S. Magistrate Judge

---

[14]Additionally, the court is persuaded by the *Cypress Media* holding that billing statements are not per se protected by the work-product doctrine. *Cypress Media, Inc.*, 997 P.2d at 694. Westar has obviously failed to meet its burden to show the billing records are protected by the work-product doctrine.

[15]Doc. 975, at 4-5.