lml
# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 03-40142-02-JAR |
| ) | |
| DOUGLAS T. LAKE, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Douglas Lake's Motion for Order of Expungement (Doc. 1066). Lake requests an order directing the United States Marshals Service, the Federal Bureau of Investigation and the United States Department of Justice to destroy and expunge all records of his arrest and booking following his indictment in 2003, in light of the government's dismissal of all charges on August 20, 2010. After missing the Court-imposed response deadline of November 29, 2010, the government moved to file its response out of time (Doc. 1068). For the reasons explained in detail below, the Court grants the government's motion and denies defendant's motion.

*Background*

The Court assumes the reader is familiar with the facts and lengthy procedural history of this case as well as the Tenth Circuit and United States Supreme Court opinions that precipitate the matters before the Court, *United States v. Lake*,[1] *United States v. Wittig*,[2] and *Skilling v.*

---

[1] 472 F.3d 1247 (10th Cir. 2007).

[2] 575 F.3d 1085 (10th Cir. 2009).

*United States*.³ The Court will not restate the findings of those decisions in detail, but will provide excerpts from the opinions as needed to frame its discussion.

Highly summarized, Lake, along with co-defendant David Wittig, was indicted on December 3, 2003. The first trial against defendants ended in a hung jury. The second trial against defendants resulted in guilty verdicts on all but a few counts, as well as forfeiture of defendants' interest in specific property. On January 5, 2007, the Tenth Circuit reversed the convictions on Counts 16 - 39, the wire fraud and money laundering counts, with prejudice to retrial, and reversed and remanded for retrial the remaining counts of conspiracy, circumvention of internal controls and forfeiture.⁴ The case was set for trial a third time, but was delayed when defendants took an interlocutory appeal from this Court's denial of their motion to dismiss on double jeopardy grounds. The Tenth Circuit subsequently affirmed this Court's order in part, and dismissed the appeal in part,⁵ and the case was set for trial in September 2010. On June 24, 2010, the Supreme Court issued its decision in *Skilling*, which limited application of 18 U.S.C. § 1346 to apply only to bribery and kickback schemes, and not to undisclosed self-dealing by a private employee.⁶ On August 10, 2010, while defendants' motions to dismiss all remaining charges were pending, the Court granted the government's motion to dismiss the case, without prejudice.⁷

---

³—U.S.—, 130 S. Ct. 2896 (2010).

⁴*Lake*, 472 F.3d at 1247.

⁵*Wittig*, 575 F.3d at 1085.

⁶*Skilling*, 130 S. Ct. at 2931-33 ("To preserve the statute without transgressing constitutional limitations, we now hold that § 1346 criminalizes only the bribe-and-kickback core of the pre-*McNally* case law.").

⁷(Doc. 1054.)

Lake filed this motion seeking expungement on September 28, 2010. Although Lake's motion indicated that the government objected to his request, the government did not file a written response, and the Court directed the government to do so by November 29, 2010.[8] The government filed its response on December 1, 2010, along with a motion to file out of time based on a "calendaring error."[9]

*Discussion*

As a threshold matter, the Court grants the government's motion to file its response out of time. As Lake notes, although D. Kan. Rule 6.1 provides that responses to non-dispositive motions be filed within fourteen (14) days, these deadlines are not generally applied in criminal cases,[10] nor does Lake suggest that there is a corresponding rule in criminal cases that the motion should be granted as unopposed or that the government is required to show excusable neglect. And, although the Court's practice in this case has generally required responses to be filed within thirty (30) days, no order was in place setting such deadlines after the case was dismissed. Because the issue in the underlying motion involves balancing the parties' respective interests, the Court directed the government to respond and articulate its noted objection. While the Court does not condone the government's delay in responding, it notes the government's failure to respond until directed to do so is unusual, given the history of this case, and will consider its response, as well as Lake's reply, in an effort to fully consider the matter before it.

Lake's motion to expunge invokes the well-established equitable power of the district

---

[8](Doc. 1067).

[9](Doc. 1068).

[10]D. Kan. R. 6.1(d)(1).

court to expunge criminal records.[11] The Tenth Circuit has instructed that "the district court has the authority to order expunction, but that power is not unfettered. Expunction is committed to the discretion of the trial court, but is not a remedy to be granted frequently."[12] In *United States v. Linn*,[13] the Tenth Circuit held that expungement "should be reserved for the unusual or extreme case," and that acquittal alone is not sufficient to require the trial court to expunge an arrest record.[14] In extreme circumstances, an arrest record may be expunged after a dismissal of the charges or acquittal.[15]

Citing *Linn*, Lake argues that the expungement of his arrest records is demanded by the *Skilling* Court's declared unconstitutionality of the government's "honest services" charge. Lake further argues that the Tenth Circuit's reversal of most of the charges, followed by the government's "abandonment" of the case in the wake of *Skilling* makes this one of the "extreme or unusual" cases described by the Circuit. The Court disagrees. Although the Tenth Circuit reversed the wire fraud and money laundering convictions on sufficiency of the evidence grounds, it remanded the conspiracy and circumvention counts for retrial and subsequently rejected defendants' attempts to dismiss those charges on double jeopardy grounds. Further, while the government concedes that *Skilling* "effectively eviscerated much of the government's case from an evidentiary perspective," it correctly notes that defendants still faced substantive

---

[11] *United Staes v. Linn*, 513 F.2d 925, 927 (10th Cir. 1975).

[12] *United States v. Friesen*, 853 F.2d 816, 817-18 (10th Cir. 1988).

[13] *Linn*, 513 F.2d at 925.

[14] *Id*. at 927-28.

[15] *Pinto*, 1 F.3d at 1070 (citing *Friesen*, 853 F.2d at 817).

4

counts of circumvention of internal controls.[16] Nor is the Court prepared to determine whether the government "abandoned" its case on the record before it. Indeed, the government's motion to dismiss the case does not state any grounds for dismissal,[17] and defendants' claim is based on a press statement issued by the United States Attorney explaining simply, "the law no longer supported our position."

Moreover, "[t]his 'unusual or extreme case' standard requires a defendant to overcome a heavy presumption against expungement. Merely alleging potential future harm and arguing that expungement is 'in the interest of Justice,' is insufficient to overcome the presumption against expungement."[18] The Tenth Circuit has often used a balancing test to determine whether expungement is warranted, weighing the government's interest in maintaining criminal records against the harm done to the defendant.[19] "In evaluating the individual harms caused by a criminal record, and in order to subsequently apply the balancing test, the court has emphasized the importance of proof of actual adverse consequences suffered by the defendant."[20] In this case, Lake offers no actual evidence of the adverse consequence he is suffering due to his arrest

---

[16]*See* 15 U.S.C. §§ 78m(b)(5), 78ff.

[17](Doc. 1053.)

[18]*United States v. Aston*, 132 F.3d 43 (Table), 1997 WL 755136, *1 (10th Cir. Dec. 4, 1997) (discussing *Untied States v. Linn*, 513 F.3d at 525, 527-28)).

[19]*Id.* at 927.

[20]*See Linn*, 513 F.3d at 928 ("There was no showing . . . that the retained records have been, or will be, used improperly or intrusively against [the defendant] . . . Thus, there is no demonstrated invasion of privacy which overrides the Government's justification in keeping the records."); *United States v. Friesen*, 853 F.2d 816, 818 (10th Cir. 1988) ("the court made no findings of fact for [the appellate court] to review so that we might determine whether the court abused it's [sic] discretion [in granting expungement]"); *United States v. Flowers*, 389 F.3d 737, 740 (7th Cir. 2004) ("Turning specifically to the balancing test, we note that as to the adverse consequences, [the defendant] does not provide any evidence of the actual loss of employment opportunities" and thus ". . . speculative consequence cannot outweigh the public interest in maintaining the accuracy of judicial records.").

5

record. Although Lake alleges that his criminal record will offend his "economic interests, his privacy rights, his dignity, and even his freedom of movement," he offers no evidence of actual lost employment opportunities, no evidence of actual prejudice to his economic interests, nor evidence of actual deprivation of freedom of movement. While the Court does not doubt the government's seven-year long prosecution has taken a personal toll on Lake, his list of adverse consequences remains hypothetical and speculative. Without more, this Court is instructed not to override the heavy presumption against expungement.

**IT IS THEREFORE ORDERED BY THE COURT** that the government's Motion to File Response Out of Time (Doc. 1068) is GRANTED;

**IT IS FURTHER ORDERED** that defendant Douglas Lake's Motion for Order of Expungement (Doc. 1066) is DENIED.

**IT IS SO ORDERED.**

Dated: January 6, 2011

                                            S/ Julie A. Robinson
                                            JULIE A. ROBINSON
                                            UNITED STATES DISTRICT JUDGE